WILLIAM RICE & others *vs.* FRANCIS H. DEWEY & others.

Property mortgaged to secure notes indorsed by the mortgagee for the accommodation of the mortgagor will be applied in equity, upon the insolvency of both maker and indorser, to the payment of such notes.

BILL IN EQUITY by certain holders of promissory notes signed by William R. Hooper and indorsed by Beriah Curtis, in behalf of themselves and other holders of like notes, against Francis H. Dewey, assignee in insolvency of Curtis, and Isaac Davis and John W. Wetherell, assignees in insolvency of Hooper. The bill contained the following allegations :

Curtis in and before 1856 indorsed for the accommodation of Hooper various promissory notes signed by Hooper, and Hooper gave Curtis mortgages of several tracts of land in the counties of Worcester and Franklin to secure the payment of all notes so signed and indorsed, " without loss or damage to said Curtis."

In December 1856 Hooper, still holding the equity of redemption in said lands, applied for the benefit of the insolvent laws, and his estate was duly assigned to Davis and Wetherell, who accepted the trust. On the 6th of February 1857 Davis and Wetherell made an agreement in writing with Curtis, by which he agreed to release to them all his interest in the land included in one of the mortgages; and they agreed to convey to him the lands included in the other mortgages, as payment of $12,000 of the sum for which Curtis might be liable on account of Hooper; and it was agreed that " whatever amount more than $12,000 said Curtis may be liable for may be proved against said Hooper's estate, either by said Curtis or by parties having a right to prove the same." And Curtis executed a release of one of the mortgages, pursuant to this agreement. All of the mortgaged premises were insufficient to pay in full the notes signed by Hooper and indorsed by Curtis ; and Curtis was then insolvent.

On the 27th of April 1857 proceedings in insolvency were commenced against Curtis, and Dewey was appointed his assignee and accepted the trust.

Davis and Wetherell, as assignees, sold parts of the mortgaged real estate to which they had agreed Curtis should be entitled, and received therefor about $3,000, which Dewey, as assignee of Curtis, had demanded of them for the benefit of the creditors of Curtis; but they refused to pay it to him, and now claimed that it had been applied by them, within six months before the commencement of insolvency proceedings against Curtis, towards the payment of certain notes signed by Hooper and indorsed by Curtis, and held by Davis and Wetherell and others as their own property, which payments were in the nature of a preference and void by the insolvent laws. Dewey disposed of parts of the real estate to which it had been agreed that Curtis should be entitled, and received therefor about $3,600. Davis and Wetherell claimed the proceeds of the sales made by Dewey, as part of the general assets of Hooper's estate.

The plaintiffs prayed for an account, and for a sale of so much of the real estate mortgaged by Hooper to Curtis as remained unsold, and for an application of the proceeds thereof and of the portions already sold as aforesaid towards the payment of the notes signed by Hooper and indorsed by Curtis, and remaining unpaid at the time of commencement of Hooper's proceedings in insolvency.

The defendants demurred to the bill for want of equity; and because, upon the facts stated in the bill, the defendants did not hold the mortgages, mortgaged estates or the proceeds thereof in trust for the plaintiffs, and the plaintiffs were not entitled to have the mortgages enforced or the proceeds applied towards the payment of their notes. This demurrer was argued at Worcester at October term 1858.

*P. C. Bacon & F. H. Dewey,* for the defendants, cited *Agawam Bank* v. *Morris,* 4 Cush. 103; *Young* v. *Miller,* 6 Gray, 156.

*W. F. Slocum,* for the plaintiffs, cited *Eastman* v. *Foster,* 8 Met. 19; *Crane* v. *March,* 4 Pick. 131; *Moore* v. *Ware,* 38 Maine, 496; *Phillips* v. *Thompson,* 2 Johns. Ch. R. 418; *Evertson* v. *Booth,* 19 Johns. 486; *Kip* v. *Bank of New York,* 10 Johns. 63; *Pattison* v. *Hull,* 9 Cow. 747; *Heath* v. *Hand,* 1 Paige, 329; *Keyes* v. *Brush,* 2 Paige, 311; *Homer* v. *Savings Bank of*

*New Haven,* 7 Conn. 478; *Keyes* v. *Wood,* 21 Verm. 331; *Belding* v. *Manly,* 21 Verm. 550; *Donley* v. *Hays,* 17 S. & R. 400; *Page* v. *Pierce,* 6 Foster, 317; 4 Kent Com. (6th ed.) 193, 194; 1 Story on Eq. §§ 502, 638; 2 Story on Eq. §§ 1016, 1031; *Mitford* v. *Mitford,* 9 Ves. 87.

BIGELOW, J.   This case falls within the principle established in *Eastman* v. *Foster,* 8 Met. 19.   It was there decided, that a mortgage made by a principal to a surety, to secure the payment of certain notes, and indemnify the surety therefrom, was not to be regarded simply as an indemnity of the surety; but constituted the surety and mortgagee a trustee for the creditors whose debts were enumerated in the condition, and created an equitable lien in their favor for the security of the notes recited or described in the condition; and that this equitable lien, being attached to the property in the hands of the mortgagee, would remain and bind the property in the hands of an assignee of the mortgagee with notice of the trust, and would also follow it into the hands of the original mortgagor or his grantee taking it with like notice of the trust.   This decision rests on the broad principle of equity, that the estate of the mortgagee is to be treated as a mere security for the debt, and when the debt is assigned by the mortgagee, it carries with it in equity, as an incident, a right to have the estate appropriated for the payment of the debt in the hands of the assignee.   To carry out and enforce this equity, the mortgagee is regarded as the trustee of those to whom he has assigned the debt secured by the mortgage, and can be compelled to appropriate it for their benefit.   2 Story on Eq. § 1016.   *Crane* v. *March,* 4 Pick. 131, 136.   *Bryant* v. *Damon,* 6 Gray, 564.

In the present case, it appears by the averments in the bill that the notes held by the plaintiffs and by those in whose behalf they prosecute this suit were signed by Hooper, and indorsed by Curtis for the accommodation of Hooper; that the mortgages described in the bill were given by Hooper to Curtis to secure the payment of these notes and indemnify him against any liability thereon; and that the defendants, as assignees of Hooper and Curtis, the mortgagor and mortgagee, have received

said mortgages or the proceeds thereof with full notice of the purposes for which the mortgages were given. In regard to all these notes, Curtis, being an accommodation indorser, stood in the relation of surety for Hooper to the several persons to whom the notes were negotiated. The mortgages set out in the bill were given to Curtis to secure the payment of these notes. The property was thereby pledged as security for the debts. A trust was fastened upon it in the hands of the mortgagee for the benefit of those who should become creditors by purchasing notes secured thereby; and this trust, in the nature of an equitable lien, can be enforced against these defendants, who took that property from the mortgagor and mortgagee with notice thereof.

The case of *Agawam Bank* v. *Morris,* 4 Cush. 99, does not at all resemble the case at bar. It was not a case where a creditor sought to have a mortgage given to a surety or indorser applied in payment of a debt. The question there arose on expunging a proof of debt, and was decided on the ground that the mortgage was given not to secure the entire debt, but only such balance thereof as should remain after proof of the debt had been made and a dividend received from the estate of the insolvent.

The case of *Young* v. *Miller,* 6 Gray, 152, only decided that an indorsee of one of two notes secured by a mortgage which is not assigned to him cannot maintain a writ of entry in his own name to foreclose the mortgage.

*Demurrer overruled.*